**2013 BNH 009 Note: This is an unreported opinion. Refer to LBR 1050-1 regarding citation.**

_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:

                                               Bk. No. 12-13760-BAH

                                               Chapter 7

In re Philip Shea,

          Debtor

_Daniel R. Krislov,_
_Small & Lyons,_
_Nashua, NH_
_Attorney for Debtor_

## <u>MEMORANDUM OPINION</u>

## I.  INTRODUCTION

      Susan Shea (the "Plaintiff") filed an adversary proceeding seeking to contest the dischargeability of certain credit-card debts of the debtor, Philip Shea (the "Debtor").   After commencing that proceeding, the Plaintiff failed to appear at the pretrial conference, and then failed to withdraw her complaint after learning she was not responsible for the credit-card debt. The Debtor then filed a motion under Bankruptcy Rule 9011, which is now before the Court.   For the reasons set forth below, the Court shall sanction the Plaintiff for (1) failing to appear at the pretrial conference and (2) failing to withdraw her complaint.

      The Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334, 157(a), and U.S. District Court for the District of New Hampshire Local Rule 77.4(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  FACTS

The Plaintiff, who resides in the state of Florida, commenced the related adversary proceeding by filing a complaint seeking to except her claim against the Debtor from discharge under 11 U.S.C. § 523.   See Adv. Pro. 13-1026-BAH.   The Plaintiff filed the complaint and proceeded with the action without the aid of legal counsel.   In the complaint, the Plaintiff alleged that the Debtor had continued to use a jointly-held credit card in contravention of the terms of a final decree of divorce and so caused the Plaintiff to become responsible for certain credit-card charges without her consent.   The complaint sought relief pursuant to 11 U.S.C. § 523(a)(15)(A) and (B), a provision of the Bankruptcy Code[1] no longer in effect.   However, the Plaintiff also generally asserted "in the alternative" that the Debtor should be "denied a discharge of" the debt attributable to the unauthorized credit card charges, and included an allegation that the Debtor "knowingly and maliciously incurred such debt," which allegation could be read to plead a claim of nondischargeability under 11 U.S.C. § 523(a)(6).[2]

The filing of the complaint caused a summons to be issued, which set a preliminary pretrial conference for May 15, 2013.   Adv. Pro. 13-1026-BAH at Doc. No. 2.   The Court held the pretrial conference on that date.   The Debtor appeared at the pretrial but the Plaintiff did not. The Plaintiff did, however, send an e-mail to the Clerk of Court alluding to her intention to withdraw the complaint.   The Court read this e-mail aloud, on the record, at the May 15 pretrial

---

[1]  The Court shall refer to Title 11 of the United States Code as the "Bankruptcy Code."   See Local Bankruptcy Rules, Preface.
[2]  11 U.S.C. § 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity . . . ."

conference.   In light of both this e-mail and the Plaintiff's failure to appear, the Court issued an order requiring the Plaintiff, on or before June 12, 2013, to "FILE A MOTION TO DISMISS OR A STIPULATED NOTICE OF DISMISSAL REGARDING THE COMPLAINT FAILING WHICH THE CASE MAY BE DISMISSED FOR FAILURE TO PROSECUTE."   Id. at Doc. No. 4.

On June 12, 2013, after the Plaintiff failed to comply with the Court's May 15 order, the Debtor filed a Motion for Sanctions and a Motion to Dismiss.   Id. at Doc. Nos. 7, 9.   The Court subsequently dismissed the adversary proceeding for lack of prosecution, but retained jurisdiction to hear and determine the Debtor's Motion for Sanctions.   Id. at Doc. No. 11.

In the sanctions motion, under Bankruptcy Rule 9011, the Debtor argues that the Plaintiff's complaint was both unwarranted by existing law—given the reference to former section 523(a)(15)(A) and (B)—and unsupported by factual contentions containing any evidentiary basis. The Debtor alleges that the Plaintiff had been informed, before she filed the complaint, that her name was no longer on the credit card in question.   In response, the Plaintiff wrote a letter addressed to the Clerk of Court, which was docketed as her formal response to the sanctions motion.   Countering the assertion that the complaint was unsupported by existing law, the Plaintiff appeals to her status as a pro se litigant, stating "I researched the NH statutes and US Bankruptcy statutes online and prepared my filings to the best of my ability."   Pl. Response at 1, Bk. No. 12-13760, Doc. No. 25.   The Plaintiff also responded that she did conduct a reasonable inquiry into the facts supporting the complaint before filing the adversary proceeding.   She states simply that the credit-card company contacted her several weeks before she filed the case and informed her that she was jointly liable on the credit-card debt with the Debtor.   It was not until

3

after the complaint had been filed that the Plaintiff learned this had been an error.   The Plaintiff

also attempted to justify her failure to withdraw the complaint: "Several weeks after filing the Pro

Se motion[3] [sic], I learned that my name had been removed from the Discover Card and that I

would not be responsible for this debt.   I attempted to discuss the matter with Attorney Krislov[4] to

bring the matter to a close but he was uninterested."

On July 31, 2013, the Court held a hearing on the Debtor's sanctions motion.   The

Plaintiff again failed to appear at this hearing.[5]   The Debtor offered evidence, in the form of an

e-mail from Attorney Krislov to the Plaintiff, to refute the Plaintiff's statement that the Debtor was

"uninterested" in "bring[ing] the matter to close."   In the relevant part, this e-mail reads "I would

be happy to discuss and negotiate this matter with you further."   Ex. 1, April 30, 2013 e-mail from

Debtor's Counsel to the Plaintiff.   This e-mail was admitted into evidence, and at the conclusion

of the hearing, the Court took the sanctions motion under advisement.


## III.   DISCUSSION

### A.   The Failure to Appear at the Pretrial Conference

Federal Rule of Civil Procedure 16, which Bankruptcy Rule 7016 applies to this

proceeding, governs the substance and conduct of pretrial conferences.   The purposes of the

pretrial conference are spelled out in Rule 16(a):

> The court may order the attorneys and any unrepresented parties to appear for one or more
> pretrial conferences for such purposes as:

---

[3] The Court understands this to be a reference to the Plaintiff's Complaint.
[4] Debtor's counsel in both the main bankruptcy case and the adversary proceeding.
[5] The Court's Local Rules and Administrative Orders generally permit telephonic appearances at many types of hearings.   While AO 9074-1(a)(1)(E) generally requires counsel and pro se parties to personally appear at pretrial conferences, it also provides that permission to appear telephonically may be granted by the Court.   The Plaintiff made no such request.

      (1) expediting disposition of the action;
      (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
      (3) discouraging wasteful pretrial activities;
      (4) improving the quality of the trial through more thorough preparation; and
      (5) facilitating settlement.

<u>See also</u> LBR 7016-1.

When a party fails to appear at a pretrial conference, Rule 16(f) applies. This rule provides that "the court may issue any just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference." It is undisputed that the Plaintiff failed to attend the pretrial conference. The Plaintiff's attendance at the pretrial conference would have been beneficial to all the parties, especially in light of the Plaintiff's apparent confusion as to how to dismiss the adversary proceeding. <u>See</u> Pl. Response at 1 ("Since my name has been removed from the Discover Card account/debt, the Adversary matter is mute [<u>sic</u>] and I do not know how to close the matter."). Had the Plaintiff appeared, the Court could have accepted a voluntary dismissal on the spot, thus performing a core function of the pretrial conference—"expediting disposition of the action." Fed. R. Civ. P. 16(a)(1). Ultimately, the failure to attend the pretrial resulted in the continuation of the proceeding for several weeks, and precipitated the Debtor incurring costs to file a motion to dismiss and the sanctions motion at issue here. For these reasons the Court finds that sanctions are appropriate.

Rule 16(f)(2) governs the imposition of fees and costs for the failure to attend a pretrial conference. In certain circumstances, "instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." This rule

imbues the Court "with considerable discretion in deciding whether to impose sanctions" on the offending party and "in determining what form the sanctions should take."   Jones v. Winnepesaukee Realty, 990 F.2d 1, 5-6 (1st Cir. 1993).   Because the Court has found that sanctions are appropriate, the Plaintiff shall be required to pay the reasonable expenses and attorney's fees of the Debtor incurred in connection with the filing of the motion to dismiss.   The Debtor may not have incurred these costs if the Plaintiff had appeared at the pretrial conference, and the Court finds that the reasonable fees and costs associated with that filing are fair under Rule 16(f)(2).

       B.    Sanctions under Rule 9011(b)

Bankruptcy Rule 9011(b) provides in the relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
> . . . .
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

The Debtor argues that the filing of the complaint violated both (b)(2) and (3) of this rule.   Under (b)(2), the Debtor asserts that the Plaintiff's claim was not warranted under existing law because the claim was premised upon the applicability of the provisions of 523(a)(15)(A) and (B), which are no longer in effect.   "A legal argument is not warranted by existing law if it is based on legal theories that are plainly foreclosed by well-established legal principles and authoritative precedent . . . ."   In re CK Liquidation Corp., 321 B.R. 355, 362 (1st Cir. B.A.P. 2005).   Insofar as the

6

complaint was based on former section 523(a)(15)(A) and (B), it was not warranted under existing

law.   In the complaint, however, the Plaintiff made reference to section 523(a)(6), which is still

good law.   The Plaintiff both filed the complaint and proceeded with the action pro se.   The

Court is required to liberally construe pro se filings.   Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct.

285, 50 L.Ed.2d 251 (1976); Nunnally v. MacCausland, 996 F.2d 1, at 6 n.8 (1st Cir. 1993) ("Pro

se filings are held to a less stringent procedural standard than others."); Gonsalves v. Belice (In re

Belice), 2011 WL 4572003 at *3 (1st Cir. B.A.P 2011).   In this context, the Court finds the

reference to section 523(a)(6), coupled with the request for the Court to deem a specific debt

nondischargeable, to be sufficient to avoid liability under Bankruptcy Rule 9011(b)(2).

The Debtor also seeks sanctions under Rule 9011(b)(3), claiming that the factual

assertions in the complaint were without evidentiary support when the complaint was filed, and

that had the Plaintiff undertaken a reasonable investigation, she would have discovered this to be

the case.   In the Rule 9011(b) context, a party is held to an objective standard of reasonableness

under the circumstances.   Cruz v. Savage, 896 F.2d 626, 631 (1st Cir. 1990).[6]   "Courts, therefore,

must inquiry as to whether a reasonable attorney in like circumstances could believe his actions to

be factually and legally justified."   In re Withrow, 405 B.R. 505, 511-12 (1st Cir. B.A.P. 2009)

(quoting Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987)).   "The duty to make a reasonable

investigation applies to attorneys and parties who appear without counsel.   When evaluating the

reasonableness of an investigation by a pro se litigant, the Court may consider various problems

that may be encountered by a party who appears without an attorney."   Collier on Bankruptcy ¶

9011.04[2][a] (Alan N. Resnick & Henry J. Sommer eds. 16th ed.).   Thus, the Court, mindful of

---

[6] Rule 9011 is drawn from Federal Rule of Civil Procedure 11; jurisprudence from the one is transferrable to the other. In re CK Liquidation Corp., 321 B.R. at 362.

typical problems encountered by pro se parties, will consider whether a reasonable pro se litigant in like circumstances would consider the Plaintiff's actions to be factually justified.

The Plaintiff states that before she filed her complaint, she talked with a representative of the credit card company, who informed her that she would be liable on the debt incurred by the Debtor on the credit card.   The Plaintiff also attached to her complaint a credit report, apparently relating to the credit card in question, showing past due balances.   The credit reported indicated that the credit card was jointly held, a fact which appears to support the Plaintiff's complaint.   The Debtor attempts to refute these factual assertions by stating that he contacted an attorney who purported to represent the Plaintiff before the adversary was filed, and told this attorney that the Plaintiff had been taken off the credit card.   Even if all of these assertions—by both parties—are correct, a reasonable pro se litigant could consider the Plaintiff's actions justified.   The Plaintiff had information that her name was still on the credit card, information that could reasonably be credited with greater weight than statements to the contrary by an opposing attorney.   This was sufficient information to justify the filing of the complaint.

The Court must also look to the evidentiary support for the complaint subsequent to its filing.   The Plaintiff states in her response that several weeks after filing her complaint, she "learned that [her] name had been removed from the Discover Card and that [she] would not be responsible for this debt."   Pl. Response at 1.   This statement indicates that the Plaintiff came to realize that the factual basis of the complaint was unsupported by evidence.   The Plaintiff characterizes these actions as not "hostile in nature but merely a means of securing my financial best interest with the knowledge that I had at the time of filing the Adversary Proceeding."   Pl. Response at 2.   Despite knowing that she was not responsible for the Debt, the Plaintiff neglected

to file a motion to dismiss the complaint, and did not consult with the Debtor's attorney about a joint stipulation of dismissal.   The Plaintiff failed to do these things, even after the Court had specifically directed her to take one of these actions following the pretrial conference.

Rule 9011 places parties under a "continuing obligation to ensure that the proceedings do not continue without a reasonable basis in law and fact."   Cruz v. Savage, 896 F.2d at 631.   Once the Plaintiff learned that her name was off the credit card and that she was not responsible for the debt, she was obligated to ensure the proceedings did not continue.   Under the present circumstances, the Court finds this failure sanctionable under Rule 9011.   In her Response, the Plaintiff states that she did not know how to withdraw her complaint.   The Plaintiff did not raise this issue until more than ten days after the Court required action on her part.   See Order, Adv. Pro. 13-1026-BAH at Doc. No. 4.   In these circumstances, an appeal to ignorance of the rules is too little too late; parties who instigate adversary proceedings may not ignore the costly effects of the litigation they have begun.

Rule 9011(c)(1)(A) governs sanctions when a party has requested relief under Rule 9011(b) by motion.   Rule 9011(c)(2) limits the extent of any sanction imposed to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Given this directive, the Court shall require the Plaintiff to pay the Debtor's reasonable attorney's fees and any reasonable expenses that went into the preparation of the motion for sanctions and the subsequent hearing on the motion.

## IV.  CONCLUSION

For the foregoing reasons, the Plaintiff shall be required to pay the reasonable costs and attorney's fees associated with the Debtor's filing of the motion to dismiss and the motion for

9

sanctions, as well as the Debtor's costs of attending the hearing on the motion for sanctions.   This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.   The Court will issue a separate order consistent with this opinion.


       ENTERED at Manchester, New Hampshire.




Date:   September 19, 2013               /s/ Bruce A. Harwood
                                             Bruce A. Harwood
                                             Chief Bankruptcy Judge